

**Littler Mendelson P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747


Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

November 4, 2021

**VIA ECF**

The Hon. Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, NY 11722

Re:   *Rosario v. Icon Burger Acquisition LLC d/b/a Smashburger*
      No. 2:21-cv-04313-JS-ST

Dear Judge Seybert:

We represent Icon Burger Acquisition LLC in this action ("Smashburger").  In accordance with Rule III.B of Your Honor's Individual Rules and Practices, we respectfully request a pre-motion conference regarding, and write to describe the anticipated grounds of, Smashburger's expected motion to dismiss the First Amended Complaint in its entirety.

This is a one-count, putative class action case brought by Joseph Rosario ("Mr. Rosario"), a former Smashburger employee, who alleges that "[a]t least 25% of [his] job" involved "manual labor, including tasks such as cooking, preparing and wrapping food, taking orders, taking food to customers, and tending to the cash register" (Doc. 10, ¶ 11).  Despite supposedly being a "manual worker," Mr. Rosario claims Smashburger paid him "every other week, rather than weekly," in supposed violation of New York Labor Law ("NYLL") Section 191(1)(a)(i) (*Id.*, ¶¶ 11, 18-21).  Mr. Rosario does not seek or claim any actual damages, such as a wage underpayment or nonpayment.  Instead, he seeks an award of liquidated damages under NYLL Sections 191 and 198, along with prejudgment interest, on behalf of himself and a putative Rule 23 class comprised "of all manual workers employed by [Smashburger] in New York State over the last six years" (*Id.*, ¶ 6 & p.5).  The Complaint is due to be dismissed for at least the following two reasons:

**Mr. Rosario Lacks Article III Standing**.  Mr. Rosario must demonstrate he "ha[s] standing under Article III of the Constitution and applicable state law in order to maintain a [state] cause of action" in federal court.  *Mid-Hudson Catskill Rural Migrant Ministry v. Fine Host Corp.*, 418 F.3d 168, 173 (2d Cir. 2005).  In turn, Article III requires Mr. Rosario to demonstrate "a personal injury in fact."  *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).  Only actual injuries create Article III standing, and those injuries must be

Hon. Joanna Seybert
November 4, 2021
Page 2

"concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Abstract, conjectural or hypothetical injuries will not suffice because they are not sufficiently concrete. *Id.* And a plaintiff's "past exposure to illegal conduct" is also not sufficiently concrete unless such exposure carries "present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

These standards fully apply to Mr. Rosario's NYLL claims. While "states can empower their courts to hear cases that federal courts cannot," *Protect Our Parks v. Chicago Park District*, 971 F.3d 722, 731 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 2583 (2021), a litigant seeking to pursue a state claim in federal court must satisfy Article III's demands. *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) ("States cannot alter that role simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse."). In fact, the Supreme Court has singled out Article III's injury-in-fact requirement as being particularly resistant to legislative modification—though a legislature can create new causes of action to redress perceived injuries, "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).

Here, Mr. Rosario alleges no injury from being fully paid on a biweekly basis (Doc. 10, *passim*). He simply assumes that liquidated damages under NYLL Section 198 are available to him because Smashburger supposedly violated Section 191 by fully paying him on a biweekly instead of weekly basis (*Id.*). But bare "violation[s of statutes like Section 191], divorced from any concrete harm," do not give rise to Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). The Supreme Court has repeatedly "rejected the proposition that a plaintiff [can] automatically satisf[y] the injury-in-fact requirement" by evidencing some statutory violation unaccompanied by resulting concrete injury. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). Article III, in other words, demands "a concrete injury even in the context of a statutory violation" because "an injury in law is not an injury in fact." *Id.* But, Mr. Rosario alleges no injury caused by Smashburger's supposed violation of Section 191, and the Court "is powerless to create its own jurisdiction by embellishing [his] otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990).[1]

**Mr. Rosario Has Not Stated A Plausible Claim For Relief**. Even if Mr. Rosario had standing (which he does not) and could be considered a "manual worker" under Section 191, he cannot state a claim under Section 191 based on being fully paid on a bi-weekly, as opposed to weekly, basis. NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee … in which the employee prevails, the court shall allow such employee to recover the full amount *of any underpayment* ….") (emphasis added). While there "is an active split within this Circuit as to whether [Section 191] affords plaintiffs a cause of action" for late-but-fully-paid wages, *Albertin v. Nathan Littauer Hosp. & Nursing Home*, No. 1:18-cv-1422, 2021

---

[1] This is a critical inquiry as the Court is "obligat[ed] to inquire into the existence of" its own jurisdiction, *City of New York v. Mickalis Pawn Shop*, 645 F.3d 114, 125-26 (2d Cir. 2011), and standing issues will continue to arise if further proceedings are allowed because Mr. Rosario brings his claims on behalf of a putative class, where Article III standing cannot be "dispensed in gross" to the class members, who instead will have to individually demonstrate that they "have Article III standing in order to recover individual damages." *TransUnion*, 141 S. Ct. at 2208.

Hon. Joanna Seybert
November 4, 2021
Page 3

WL 1742280, at *16 (N.D.N.Y. May 4, 2021),[2] the decisions recognizing a private right of action cannot be easily reconciled with the more than half-dozen other decisions issued over just the last decade reaching the opposite conclusion, let alone with long-established principles of New York statutory construction.

After all, Section 191 is remediable only through Section 198, but Section 198 does not contain any provision providing a private right of action for frequency-of-pay claims unaccompanied by actual unpaid wages.  And the New York Legislature's amendment of Section 198 as late as 2010 to expressly recognize private rights of action for some violations of Title 6's provisions (but not for Section 191 itself), counsels against implying the existence of a private right of action here.  *Cruz v. TD Bank, N.A.*, 22 N.Y.3d 61, 71 (2013) (declining "to recognize a private right of action in instances where '[t]he Legislature specifically considered and expressly provided for enforcement mechanisms' in the statute itself") (quoting *Mark G. v. Sabol*, 93 N.Y.2d 710, 720 (1999)).  In fact, numerous courts have construed Section 198's private remedies narrowly, refusing to imply the existence of private rights of action not expressly listed within Section 198's terms themselves.  *See, e.g.*, *Konkur v. Utica Academy of Sci. Charter School*, 121 N.Y.S.3d 759, 760 (4th Dep't 2020); *Chan v. Big Geyser, Inc.*, No. 17-cv-6473, 2018 WL 4168967, at *7-10 (S.D.N.Y. Aug. 30, 2018); *Kone v. Joy Constr. Corp.*, No. 15-cv-1328, 2016 WL 866349, at *5 (S.D.N.Y. Mar. 3, 2016).  Moreover, the New York Department of Labor's own Labor Standards Complaint Form does not treat a frequency-of-pay claim as an unpaid/underpaid wages claim, but instead as a form of "non-wage complaint" comparable to an employee's concerns with his employer's failure to "[p]rovide a day of rest" or "a termination notice."  *See* NY DOL's Labor Standards Complaint Form (Mar. 2021 ed.) at Part 8, available at https://dol.ny.gov/system/files/documents/2021/03/ls223.pdf.  The Department's treatment of Section 191 frequency-of-pay claims as separate and apart from actual wage deprivation claims further belies the notion that frequency-of-pay claims can be treated as "underpayments" within the meaning of Section 198, and thus somehow giving rise to an implied private right of action or an award of liquidated damages.  On the other hand, construing Sections 191 and 198 as providing a private right of action for purely liquidated damages where wages were fully paid bi-weekly instead of weekly basis would violate the rule of Constitutional avoidance, *U.S. v. Awadeallah*, 349 F.3d 42, 55 (2d Cir. 2003), as Section 191(1)(a) protects a "manual worker," which Section 190(4) defines as "a mechanic, workingman or laborer."  While counsel opinions from the New York Department of Labor have attempted to broaden that definition, application of those opinions here would invite a vagueness challenge, as those opinions expose Smashburger to potential penal and liquidated damage remedies while failing to provide sufficient guidance in their application.  *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972).

For at least these reasons, Smashburger respectfully requests that Your Honor grant Smashburger leave to file its motion to dismiss and set an appropriate briefing schedule, or alternatively schedule a pre-

---

[2] Compare, e.g., *Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-cv-5565 (PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) (recognizing that NYLL §§ 191 and 198 provide a private right of action only for "unpaid wages, not for late paid wages") and *Hussain v. Pakistan Int'l Airlines Corp.*, No. 11-cv-932 (ERK) (VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) (same) with *Scott v. Whole Foods Mkt. Grp.*, No. 18-cv-0086 (SJF)(AKT), 2019 WL 1559424, at *2-4 (E.D.N.Y. Apr. 9, 2019) (concluding NYLL § 191 affords employees with a private right of action with respect to late, but fully paid, wages) and *Sorto v. Diversified Maint. Sys., LLC*, No. 20-cv-1302(JS)(SIL), 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020) (same).

Hon. Joanna Seybert
November 4, 2021
Page 4

motion conference to discuss Smashburger's anticipated motion.

Respectfully submitted,

/s/ *Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Matthew R. Capobianco