UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
JOSEPH ROSARIO, individually and on
behalf of all others similarly situated,

                            Plaintiff,

                                       ORDER
      -against-                     21-CV-4313(JS)(ST)

ICON BURGER ACQUISITION LLC d/b/a
SMASHBURGER,

                            Defendant.
------------------------------------------X
APPEARANCES
For Plaintiff:       Yitzchak Kopel, Esq.
                  Alec Mitchell Leslie, Esq.
                  Bursor & Fisher P.A.
                  888 Seventh Avenue
                  New York, New York  10019

For Defendant:       Daniel Sergio Gomez-Sanchez, Esq.
                  Matthew R. Capobianco, Esq.
                  Littler Mendelson, P.C.
                  290 Broadhollow Road, Suite 305
                  Melville, New York  11747

SEYBERT, District Judge:

       Joseph Rosario ("Plaintiff") initiated this class action against Icon Burger Acquisition LLC d/b/a Smashburger ("Defendant") alleging claims under the New York Labor Law ("NYLL") arising out of the payment of his wages while he was employed at Defendant's restaurant.  Before the Court is Plaintiff's letter motion asking the Court to vacate the stay of motion practice instituted at the parties' recent pre-motion conference ("PMC"). (Pl. Mot., ECF No. 23.)  For the following reasons, Plaintiff's motion is GRANTED; however, upon sua sponte reconsideration of

1

Defendant's arguments regarding Plaintiff's Article III standing, within thirty days from the date of this Order, Plaintiff is directed to file a second amended complaint consistent with this Order.

BACKGROUND[1]

Defendant owns a chain of Smashburger restaurants that employs thousands of manual workers in the state of New York. (Am. Compl., ECF No. 10, ¶ 10.) Plaintiff is a New York citizen who was employed by Defendant as a cook/cashier from December 2019 to May 2020 at a Smashburger located in Staten Island. (Id. ¶ 11.) According to the Amended Complaint, at least twenty-five percent of Plaintiff's job responsibilities at Smashburger involved manual labor. (Id.)

At issue here is how Defendant paid Plaintiff: Plaintiff alleges Defendant paid him every other week, rather than weekly, during the entirety of his employment. (Id.) As a result, Plaintiff alleges Defendant violated NYLL § 191, which obligates employers to pay manual employees on a weekly basis. (Id. ¶ 14.) To vindicate the rights of Plaintiff and other similarly situated employees, Plaintiff seeks liquidated damages, interest, and attorneys' fees under NYLL § 198(1-a). (Id. ¶ 21.)

---

[1] The facts are drawn from Plaintiff's Amended Complaint.

On November 4, 2021, Defendant filed its PMC letter seeking leave to file a motion to dismiss. (Def. PMC Ltr., ECF No. 13.) On November 11, 2021, Plaintiff filed his opposition. (Pl. PMC Ltr., ECF No. 14.) In its PMC letter, Defendant sought leave to dismiss the Amended Complaint for lack of Article III standing.[2] Specifically, Defendant argued that Plaintiff lacks Article III standing, because he cannot allege a concrete injury in fact beyond mere violation of the NYLL. (Def. PMC Ltr. at 1-2.) In essence, Defendant argued that Plaintiff must allege that Defendant's violation of the NYLL by failing to pay him weekly caused some concrete injury in addition to the violation of the statute. (Id. at 2.) In response, Plaintiff pointed to a recent decision by the Honorable Rachel P. Kovner, wherein she concluded that "the late payment of wages is a concrete harm" sufficient to confer standing on the plaintiff seeking relief under NYLL § 191 (hereafter, the "Caul Order"). (Pl. PMC Ltr. at 2 (quoting Caul v. Petco Animal Supplies, Inc., No. 20-CV-3534, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021)).

At the December 20, 2021 PMC conference, Defendant advised the Court that it had sought interlocutory appeal of the

---

[2] Defendant further argued Plaintiff cannot state a claim for relief, because there is no private right of action under NYLL §§ 191 or 198 (Def. PMC Ltr. at 2-3), an argument this Court recently rejected in Sorto v. Diversified Maint. Sys., LLC, No. 20-CV-1302, 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020) (Seybert, J.).

Caul Order.  Accordingly, this Court stayed motion practice pending resolution of the interlocutory appeal of said Caul Order.  (See Min. Order, ECF No. 22.)  On January 3, 2022, Plaintiff advised the Court that in the Caul case, Judge Kovner had denied the defendant's motion to certify for interlocutory appeal the Caul Order.  (See Pl. Mot.)  Thus, Plaintiff asks this Court to lift its motion practice stay and deny Defendant's motion to dismiss on the basis of its PMC letter.  (Id. at 1.)  To date, Defendant has not responded.

## DISCUSSION

Article III standing requires the plaintiff to show "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'"  Maddox v. Bank of New York Mellon Trust Co., 19 F.4th 58, 62 (2d Cir. 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). The issue in this case is the injury-in-fact requirement.

"To demonstrate injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical."  Id. at 62 (quoting Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016)).  At issue here is the requirement Plaintiff show a concrete harm.  As the Supreme

Court began in its recent TransUnion decision: "No concrete harm; no standing."  141 S. Ct. at 2200.

The plaintiffs in TransUnion consisted of a class of 8,185 individuals who alleged that TransUnion, a credit reporting agency, violated the Fair Credit Reporting Act ("FCRA") by failing to use reasonable procedures to ensure the accuracy of their credit files, as maintained internally by TransUnion.  Id.  Specifically, TransUnion placed an alert on each plaintiffs' respective credit file indicating that his or her name was a "potential match" to a name on the U.S. Treasury Department's Office of Foreign Assets Control list of "specially designated nationals" who threaten the nation's security, which includes "terrorists, drug traffickers, or other serious criminals."  Id. at 2201.  The plaintiffs also claimed that TransUnion failed to adhere to the FCRA's formatting requirements in the mailings used to inform the plaintiffs about the potential match.  Id.

The Supreme Court first "considered the characteristics that make a harm 'concrete' for purposes of Article III."  Maddox, 19 F.4th at 63 (quoting TransUnion, 141 S. Ct. at 2204).  To determine whether the plaintiff alleges a concrete harm sufficient to confer standing, courts should consider "whether the harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts."  TransUnion, 141 S. Ct. at 2204 (quoting Spokeo, Inc. v. Robins, 578 U.S. 330,

5

341 (2016)).   The Court recognized that tangible harms, like
physical and monetary harms, readily qualify as concrete, and that
certain intangible harms, such as reputational harm, can qualify
as well.  Id. at 2204.  The Court further observed that Congress's
view may be "instructive" in determining whether a harm is
sufficiently concrete, although it cautioned that "an injury in
law is not an injury in fact."  Id. at 2204-05 (In the context of
Article III standing, "an important difference exists between
(i) a plaintiff's statutory cause of action to sue a defendant
over the defendant's violation of federal law, and (ii) a
plaintiff's suffering concrete harm because of the defendant's
violation of federal law.").

In Maddox, the Second Circuit applied TransUnion.  The
panel in Maddox summarized the plaintiff's allegations as follows:

> [T]he [plaintiffs] paid off their mortgage
> when they sold their house; the [defendant-
> ]bank filed the mortgage satisfaction nearly
> one year afterward.  By statute, New York
> creates a private right to collect an
> escalating cash penalty if the satisfaction is
> filed more than thirty days after the mortgage
> is paid off, up to $1,500 for delay exceeding
> ninety days.

Maddox, 19 F.th at 64.  Thus, the plaintiffs sought damages for
the defendant-bank's failure to timely file the mortgage
satisfaction as required by New York state law.  The Second Circuit
first observed that, because "a mortgage recorded with the county
clerk may convey to those viewing the record that the borrower

6

owes a debt secured by a property . . . a lender's delay in recording a mortgage satisfaction risks creating the false appearance that the borrower has not paid the underlying debt and is thus more indebted and less creditworthy." Id. at 65. The panel found that this type of reputational harm was sufficiently concrete to confer standing. Id. However, the panel further held that the plaintiffs failed to plead sufficient facts to plausibly allege that such reputational harm materialized. Id. 65-66. ("[T]he Maddoxes contend that the Bank's delay adversely affected their credit during that time, making it difficult to obtain financing had they needed it in an emergency or for a new home. But it is not alleged that this purported risk materialized; so it is similarly incapable of giving rise to Article III standing.").

Here, Plaintiff, seeks to hold Defendant liable for failing to pay him weekly as required by the NYLL. As stated at the PMC, the Court agrees with Judge Kovner that the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL. See Caul, 2021 WL 4407856, at *4; Porsch v. LLR, Inc., 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) ("[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing."). Nevertheless, as Maddox makes clear, a plaintiff must "plead enough facts to make it plausible that [he] did indeed suffer the sort of

injury that would entitle [him] to relief."   19 F.4th at 65-66

(quoting Harry v. Total Gas & Power N. Am., Inc., 889 F.3d 104,

110 (2d Cir. 2018)).

In the present action, Plaintiff's barebones Amended

Complaint contains no facts from which the Court could plausibly

conclude that Plaintiff actually suffered the sort of harm that

would entitle him to relief.  The Amended Complaint simply alleges

that "Defendant failed to pay Plaintiff and the Class on a timely

basis as required by the NYLL," so Plaintiff and the class are

entitled to damages.  This is insufficient under TransUnion and

Maddox.  See also Taylor v. Fed. Aviation Admin., 351 F. Supp. 3d

97, 103 (D.D.C. 2018); Kawa Orthodontics, LLP v. Sec., U.S. Dep't

Treasury, 773 F.3d 243, 246 (11th Cir. 2014) (finding that where

plaintiff did not mention interest or suggest "specific plans to

invest its money into an interest-bearing asset," the court could

not "hypothesize or speculate about the existence of an injury

[plaintiff] did not assert"); Barber v. Lincoln Nat'l Life Ins.

Co., 260 F. Supp. 3d 855, 862 (W.D. Ky. 2017) ("The complaint makes

no particularized allegation that [plaintiff] lost the time value

of money . . . .  It may be implied by the nature of [plaintiff's]

allegations that . . . he lost the opportunity to grow that money

through investment.  But the Court cannot find injury via

implication[.]"); Van v. LLR, Inc., 962 F.3d 1160, 1162-64 (9th

Cir. 2020) (holding the plaintiff could establish standing based

**IT IS FURTHER ORDERED** that Defendant shall answer or otherwise respond to the second amended complaint within twenty-one days from the date that it is filed.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      January __21__, 2022
            Central Islip, New York

10