

**Littler Mendelson P.C.**
290 Broadhollow Road
Suite 305
Melville, NY 11747


Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
dsgomez@littler.com

January 26, 2022


**VIA ECF**

The Hon. Steven L. Tiscione
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza, Courtroom 910, Chambers 914
Central Islip, NY 11722

    Re:    *Rosario v. Icon Burger Acquisition LLC d/b/a Smashburger*
            No. 2:21-cv-04313-JS-ST

Dear Judge Tiscione:

        We represent Icon Burger Acquisition LLC in this action ("Smashburger"). We write to respectfully request that the Court confirm, in the wake of Judge Seybert's January 21, 2022 Order (Doc. 24), that: (1) the parties' discovery obligations have been vacated; and (2) the February 1, 2022 settlement conference as detailed in Your Honor's November 22, 2021 Scheduling Order (Doc. 18) has been cancelled.[1]

        Last Friday, Judge Seybert entered an Order in which she concluded Plaintiff's First Amended Complaint contained "insufficient" allegations to satisfy Article III's jurisdictional demands. According to Judge Seybert, Plaintiff's First Amended Complaint "contains no facts from which the Court could plausibly conclude that Plaintiff actually suffered the sort of harm that would entitle him to relief" (Doc. 24 at 8), and "absent [such] factual allegations" Plaintiff "cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing" (*Id.* at 9). Judge Seybert directed Plaintiff to file a second amended complaint by February 21, 2022, and ordered Smashburger to respond to any such amended filing within twenty-one (21) days thereof (*Id.* at 9-10).

        Given Judge Seybert's decision, it is axiomatic that the discovery and settlement conference deadlines set forth in the Court's November 22nd Order have been vacated by operation of law. After all, Article III standing is a jurisdictional concern and, until jurisdiction is established, a court "cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte*

---

[1] Among other things, the Scheduling Order requires the parties to complete Phase I discovery by January 18, 2022, and attend an in-person settlement conference before Your Honor on February 1, 2022 (Doc. 18).

littler.com

Hon. Steven L. Tiscione
January 26, 2022
Page 2

*McCardle*, 7 Wall. 506, 514 (1868)); *accord Roistacher v. Bondi*, 624 F. App'x 20, 23 (2d Cir. 2015) (concluding that because the district court lacked jurisdiction, the court's "subsequent consideration of the merits of [Plaintiff's] claims was thus a nullity."); *Johnson v. Saul*, No. 19-cv-3749, 2020 WL 1140778, at *3 (S.D.N.Y. Mar. 9, 2020) (explaining that when a court lacks jurisdiction in a cause, "it lacks the authority to proceed at all"); *Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507, 514 (S.D.N.Y. 2006) (collecting cases, and concluding that "courts cannot sidestep" Article III concerns to "proceed to rule on the merits of a case"), *aff'd*, 343 F. App'x 623 (2d Cir. 2009).  And it is improper for a court to simply assume that jurisdiction exists, or can be established later, as the Supreme Court has made clear that "[h]ypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning." *Steel Co.*, 523 U.S. at 101.  At bottom, until Plaintiff files a second amended complaint, and Smashburger responds to that complaint (as ordered by Judge Seybert), the Court is without jurisdiction to proceed with or authorize discovery, or hold a settlement conference over claims for which the Court may or may not have jurisdiction.

Even if the Court considers otherwise, practical considerations support vacating the discovery and settlement conference deadlines set forth in the Court's November 22nd Scheduling Order. Moreover, Smashburger's counsel recently met and conferred with Plaintiff's counsel regarding arbitration.  Plaintiff is one of numerous Smashburger employees (both current and former) subject to a company-wide alternative dispute resolution program, requiring wage-related claims such as those in this case to be resolved individually through binding arbitration.  In response, Plaintiff's counsel indicated that they would oppose any motion to compel arbitration of Plaintiff's claims, and also informed Smashburger that they had been retained by a former Smashburger employee who is allegedly not among those bound by Smashburger's alternative dispute resolution program.

Presently, therefore, it is unclear whether counsel intends to amend Plaintiff's First Amended Complaint at all, and if they amend, whether counsel will add this new individual as a plaintiff, or substitute that individual in Mr. Rosario's place (in light of the fact that it is Smashburger's position that Mr. Rosario is subject to the company's alternative dispute resolution program).  After all, counsel has already amended the complaint once in this case to replace the originally named plaintiff—Paul Demaria—with Mr. Rosario (*compare* Doc. 1 *with* Doc. 10).  And the deadline for counsel to amend the complaint is February 21, 2022 (Doc. 24 at 9-10), long after the deadline set for the parties to exchange "Phase I discovery" and participate in a settlement conference with the Court (Doc. 18).  It would be improper, inefficient and impractical to demand that Smashburger produce discovery and participate in a settlement conference before the Court is satisfied that it has Article III jurisdiction, and Plaintiff's counsel can confirm who the named plaintiff(s) will be in any second amended complaint.

Hon. Steven L. Tiscione
January 26, 2022
Page 3

      For these reasons, Smashburger respectfully requests that the Court confirm that the discovery and settlement conference deadlines set forth in its November 22nd Order have been vacated, and delay resetting those deadlines until the Court can assure itself that it has jurisdiction over this matter through review and consideration of the jurisdictional allegations set forth in a future, yet-to-be-filed, second amended complaint.

Respectfully submitted,

Littler Mendelson, P.C.


/s/ *Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Matthew R. Capobianco

cc:    All attorneys of record (via ECF)


4865-5265-7675.4 / 111725-1003