UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROSARIO, NOAH ZAHARIA, and OLIVIA SPELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>-against-<br><br>ICON BURGER ACQUISITION LLC d/b/a SMASHBURGER,<br><br>        Defendant. | Case No. 2:21-cv-04313-JS-ST<br><br>DECLARATION OF NORCA DELGADO |

I, Norca Delgado, do hereby swear, affirm, and attest that under the penalties of perjury as follows:

1.  I am over the age of 18, and am presently employed by Icon Burger Acquisition LLC, d/b/a Smashburger ("Smashburger") as an Assistant Manager at Smashburger's Kings Highway restaurant in Brooklyn, New York. I have been employed by Smashburger since October 2015. As such, I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, could and would testify competently thereto.

2.  I make this Declaration in support of Smashburger's Motion To Dismiss Or, Alternatively, To Compel The Arbitration of Plaintiff Joseph Rosario's Claims in the above-captioned case.

3.  During 2019 and continuing through 2020, I was employed as the General Manager of Smashburger's Store # 1723, located in Staten Island, New York. In my role as General Manager of Store # 1723, I was responsible for various personnel and management functions at that location, including the onboarding of newly hired employees.

1

4. In or around February 2019, Smashburger rolled out a revised New Hire Packet to be used by all of its locations in connection with the onboarding of newly hired employees. Though the New Hire Packet was aimed at new hired employees, Smashburger also required that all current employees execute and acknowledge all of the documentation contained within the New Hire Packet, including its incorporated Dispute Resolution Procedure & Mutual Binding Arbitration Agreement ("Arbitration Agreement").

5. I also received training on the contents of the New Hire Packet, including the enclosed Arbitration Agreement, and how to use the New Hire Packet and its contents during the onboarding process. In fact, I recall attending a training course led by Smashburger's Human Resources Department where management, like myself, was specifically trained on the various onboarding documents, including the Arbitration Agreement and its contents.

6. Consistent with that training and Smashburger's operating procedures, I was required to use—and routinely used—Smashburger's New Hire Packet during the onboarding of all newly hired employees at Store # 1723 in or after February 2019.

7. The New Hire Packet was made available to me through Smashburger's computer systems as a single electronic and printable file. In advance of each onboarding session, I would print the New Hire Packet in its entirely, which would automatically generate two copies of Smashburger's New Hire Packet, including the Arbitration Agreement. It was Smashburger's policy to have each employee sign two sets of onboarding documents.

8. I would then meet with a newly hired employee to go over the New Hire Packet, and all of its forms and disclosures (including the Arbitration Agreement), ensuring that each newly hired employee reviewed and signed all of the forms. As per Smashburger's policies, the employee received and retained a complete copy of the New Hire Packet upon completion of the

onboarding process. The other completed copy was placed in that employee's personnel file, which was routinely stored and maintained at the employee's store location.

9. I used Smashburger's New Hire Packet routinely and exclusively with the onboarding of newly hired employees in and after February 2019, consistent with Smashburger's business policies and practices.

10. Plaintiff Joseph Rosario ("Mr. Rosario") was hired by Smashburger in December 2019 to work at Store # 1723, and I personally completed his onboarding session prior to his first day of work. I remember conducting Mr. Rosario's onboarding session, during which I went over the New Hire Packet and its accompanying forms and disclosures in the location's dining area, prior to opening for business that day. I personally remember seeing Mr. Rosario review and sign all of the forms contained within the New Hire Packet, including two copies of the Arbitration Agreement, in front of me during that session.

11. Mr. Rosario's employment with Smashburger ended in May 2020.

12. Smashburger closed Store # 1723 in or around October 2020. As part of the closing process, I collected all of the location's documents, including Store # 1723's personnel files, and shipped those documents to Smashburger's home offices.

13. It is my understanding that Smashburger's home office cannot presently locate signed and completed copies of Mr. Rosario's New Hire Packet forms, including the Arbitration Agreement. While I am not aware of what happened to Mr. Rosario's New Hire Packet forms, I personally remember going over those forms with him and watching him sign them during his onboarding session.

14. Neither then nor later did Mr. Rosario indicate to me that he did not understand the Arbitration Agreement or Smashburger's arbitration program generally, and at no time did Mr.

Rosario expressly or implicitly indicate to me his intention to not be bound by the Arbitration Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18 day of March, 2022 at Brooklyn, New York.

By: *Norca Delgado*
Norca Delgado