UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOAH ZAHARIA and OLIVIA SPELL, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>     v.<br><br>ICON BURGER ACQUISITION LLC d/b/a SMASHBURGER,<br><br>                Defendant. | Case No. 2:21-cv-04313-JS-ST |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

      Plaintiffs Noah Zaharia and Olivia Spell respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent ruling on the motion to dismiss in *Rodriguez v. Williams-Sonoma, Inc.*, Case No. 22-cv-02436-GRB-JMW (E.D.N.Y.), a similar New York Labor Law ("NYLL") § 191 putative class action. Because the *Rodriguez* Order does not contain an opinion, but instead references "the reasons set forth on the record," copies of the Minute Order and Hearing Transcript are attached hereto as Exhibits A and B, respectively.

      There, Judge Brown rejected the defendant's argument that plaintiff lacked Article III standing for want of a concrete injury, holding that the time value of money lost due to defendant's delayed wage payments was sufficient to confer standing. *See*, *e.g.*, Exhibit B, page 21, line 12 through page 22, line 24 ("I believe that the allegations are sufficient. … I do believe there's sufficient inference here that the plaintiff had some actual concrete loss if in fact the claim proves to be the case. That is he was entitled to weekly pay and he got biweekly pay. There is based on time value of money some inferential basis to believe that there was some loss."). This holding is relevant to Defendant's argument that Plaintiffs lack Article III standing

in this action, given that Plaintiffs' allegations of injury are <u>identical</u> to those asserted in *Rodriguez*. *Compare* SAC, ¶¶ 11-13 (ECF No. 26) ("for half of each biweekly pay period, Mr. Rosario was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his.  Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.") *with Rodriguez*, Case No. 2:22-cv-02436-GRB-JMW (E.D.N.Y.), ECF No. 1, ¶ 11, attached hereto as Exhibit C ("for half of each biweekly pay period, Plaintiff has been injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his.  Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.").

Dated: August 8, 2022

Respectfully submitted,

By: */s/ Yitzchak Kopel*
 Yitzchak Kopel

**BURSOR & FISHER, P.A.**
Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone:  (212) 989-9113
Facsimile:  (212) 989-9163
Email:  ykopel@bursor.com
  aleslie@bursor.com

*Attorneys for Plaintiffs*

2