UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROSARIO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    -against-<br><br>ICON BURGER ACQUISITION LLC d/b/a SMASHBURGER,<br><br>      Defendant. | Docket No. 2:21-CV-04313(JS)(ST) |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ICON BURGER ACQUISITION, LLC'S PENDING MOTION TO DISMISS

Defendant Icon Burger Acquisition, LLC, d/b/a Smashburger ("Smashburger"), respectfully submits this Notice of Supplemental Authority in further support of Smashburger's pending motion to dismiss (Docs. 29-32, 37):

In *Wilson v. Mastercard, Inc.*, No. 21-cv-5930, 2022 WL 3159305 (S.D.N.Y. Aug. 8, 2022), the court dismissed the plaintiff's putative class action complaint for his failure, in part, to adequately allege what financial losses he suffered from the defendant's purported actions. *Id.* at *5. In so doing, Judge Caproni explained that to satisfy Article III, a complaint's "factual allegations must be sufficient to put injury-in-fact into the realm of the plausible," because courts are prohibited from "'draw[ing] unwarranted inferences in order to find standing.'" *Id.* at *3-4 (quoting *Bauer v. Veneman*, 352 F.3d 625, 636-37 (2d Cir. 2003)).

In *Rosenberg v. McCarthy, Burgess & Wolff, Inc.*, No. 21-cv-2199, 2022 WL 3030390 (E.D.N.Y. Aug. 1, 2022), the court dismissed the plaintiff's amended class action complaint for lack of standing. *Id.* at *1, 7. Although the plaintiff alleged a statutory violation, Judge Brodie concluded that he failed to adequately allege any resulting concrete injury, and could not

1

circumvent that omission by characterizing the violation as being of a substantive right which should confer standing in and of itself. *Id.* at *4. As Judge Brodie noted, in the wake of *Maddox v. Bank of N.Y. Mellon Trust Company*, 19 F.4th 48 (2d Cir. 2021), "'the type of harm that a statute protects against is of little (or no) import,'" because a plaintiff "'must show that the statutory violation caused [hi]m a concrete harm.'" *Id.* at *4 (quoting *Maddox*, 19 F.4th at 64-65 & n.2).

In *Steinmetz v. Allied Interstate, LLC*, No. 21-cv-5059, 2022 WL 2716338 (E.D.N.Y. July 13, 2022), the court *sua sponte* ordered briefing on the standing issue and, following briefing and argument, dismissed the plaintiff's putative class action complaint for lack of standing because the plaintiff failed to allege any resulting concrete injury. *Id.* at *5. Although the plaintiff argued he was "entitled to the inference" of actual injury based on his allegation that "[b]ut for Defendant['s] actions, Plaintiff would have responded differently," Judge Donnelly refused to do so, reasoning that "'inferences' cannot make an otherwise insufficient complaint sufficient." *Id.* at *4.

In *Spira v. Trans Union, LLC*, No. 21-cv-2367, 2022 WL 2819469 (S.D.N.Y. July 19, 2022), Judge Karas granted the defendant's motion to dismiss for lack of standing, explaining that in statutory violation cases a plaintiff must offer "specific allegations of reputational or monetary harm . . . ." *Id.* at *4. The court, collecting cases, noted that generalized and speculative assertions will not suffice in this regard. *Id.* at *6.

Smashburger respectfully requests that the Court consider these decisions in determining whether Smashburger's motion to dismiss should be granted.

Dated:  August 9, 2022
        Melville, New York

      /s/ *Daniel Gomez-Sanchez*
Daniel Gomez-Sanchez
Matthew R. Capobianco
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
dsgomez@littler.com
mcapobianco@littler.com
(631) 247-4713
Attorneys for Defendant,
Icon Burger Acquisition LLC

4878-0082-0013.3 / 111725-1003

3