UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH ROSARIO, NOAH ZAHARIA, and OLIVIA SPELL, individually and on behalf of all others similarly situated,

                Plaintiffs,

-against-

ICON BURGER ACQUISITION LLC d/b/a SMASHBURGER,

                Defendant.

Case No. 2:21-cv-04313-JS-ST

## RESPONSE TO PLAINTIFFS' AUGUST 15, 2022 NOTICE OF SUPPLEMENTAL AUTHORITY

Icon Burger Acquisition LLC ("Smashburger") respectfully submits this response to Plaintiff's notice of supplemental authority (Doc. 42) regarding Judge Failla's recent decision in *Gillett v. Zara USA, Inc.*, No. 20-cv-3734, 2022 WL 3285275 (S.D.N.Y., entered Aug. 10, 2022). Therein, Judge Failla concluded an alleged manual worker, paid on a biweekly basis, satisfied Article III's demands because a "delay of payment, in and of itself, constitutes a concrete harm," regardless of whether the employee "ultimately received the entire sum of wages" on a biweekly basis. 2022 WL 3285275, at *6. In so doing, Judge Failla criticized this Court's January 21st decision here, because Judge Failla believes an employee's "intentions with respect to the delayed funds" are wholly irrelevant to the standing inquiry. *Id.* at * 7.

With due respect to Judge Failla, such reasoning is difficult to square with numerous decisions by this Court, and the Southern District of New York, all of which require plaintiffs to explain—in concrete and particularized terms—how a statutory violation resulted in some personalized harm to the plaintiff. *See, e.g.*, Doc. 41 at 1-2 (collecting cases); Doc. 37 at 7 (same);

1

Doc. 32 at 17-18 (same).[1] That is particularly important in NYLL § 191 cases like this, as the NYLL establishes a general rule that employers should pay all their employees on a biweekly or semi-monthly basis (NYLL § 191(1)(d)). The exception is for "manual workers," who should be paid weekly (*Id.* at § (1)(a)(i)). As there is no dispute here that Plaintiffs were fully paid bi-weekly, any "deprivation" caused by not paying them weekly is simply a product of the violation of the § 191 exception for manual workers (*see* Doc. 37 at 8). Absent accompanying concrete, personalized and particularized allegations of the harm resulting from that violation, there can be no standing,[2] even in cases like this involving lost use of money-type injuries. *Adler v. Penn Credit Corp.*, No. 19-cv-7084, 2022 WL 744031, at *7, 10 (S.D.N.Y. Mar. 11, 2022); *accord Rosenberg v. McCarthy, Burgess & Wolff, Inc.*, No. 21-cv-2199, 2022 WL 3030390, at *4 (E.D.N.Y. Aug. 1, 2022) ("'[T]he type of harm that a statute protects against is of little (or no) import'" because a plaintiff "'must show that the statutory violation caused [hi]m a concrete harm.'") (quoting *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F.4th 58, 64-65 & n.2 (2d Cir. 2021)).

Moreover, Plaintiffs' reliance on Judge Failla's conclusion in *Gillett* that "a private right of action exists under NYLL § 191," 2022 WL 3285275, at *11, warrants little discussion as Judge Failla's reasoning is difficult to reconcile with that of Judge Brown in *Rodriguez v. Williams-Sonoma, Inc.*, which Plaintiffs relied upon and introduced in their last supplemental submission (Doc. 39). Therein, Judge Brown concluded it is "a very interesting issue as to whether there's a private right of action" under NYLL § 191, and ordered briefing by the parties on the issue, remarking that he "would love to certify the question to the Court of Appeals." (Doc. 39-2 at

---

[1] Page references are to those assigned by the CM/ECF system, which may deviate from a document's originally generated page numbering format.

[2] *See, e.g.*, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021) ("No concrete harm, no standing.").

14:16-15:17, 24:14-16).

Dated: August 17, 2022
       Melville, New York

  /s/ *Daniel Gomez-Sanchez*
Daniel Gomez-Sanchez
Matthew R. Capobianco
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4713
dsgomez@littler.com
mcapobianco@littler.com

Attorneys for Defendant,
Icon Burger Acquisition LLC

4888-9834-4494.1 / 111725-1003