UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROSARIO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>                    -against-<br><br>ICON BURGER ACQUISITION LLC d/b/a SMASHBURGER,<br><br>                    Defendant. | Docket No. 2:21-CV-04313(JS)(ST) |

**SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
ICON BURGER ACQUISITION, LLC'S PENDING MOTION TO DISMISS**

Defendant Icon Burger Acquisition, LLC, d/b/a Smashburger ("Smashburger"), respectfully submits this second Notice of Supplemental Authority in further support of Smashburger's pending motion to dismiss (Docs. 29-32, 37).

In *Rath v. Jo-Ann Stores, LLC*, No. 21-cv-791, 2022 U.S. Dist. LEXIS 154200 (W.D.N.Y. Aug. 26, 2022), Judge Skretny considered whether Article III requires a manual worker to allege a particularized and concrete injury under NYLL § 191, resulting from being paid on a biweekly (as opposed to weekly) basis, apart from the statutory violation itself. In a lengthy opinion evaluating the reasoning of this Court (*see* Doc. 24, entered Jan. 21, 2022), as well as the decisions in *Caul v. Petco Animal Supplies*, 2021 WL 4407856 (E.D.N.Y. Sept. 27, 2021) (Kovner, J.); *Gillett v. Zara USA*, No. 20-cv-3734 (S.D.N.Y. Aug. 10, 2022) (Failla, J.); Minute Order, *Rodriguez v. Williams-Sonoma, Inc.*, No. 22-cv-2436 (S.D.N.Y. Aug. 5, 2022) (CM/ECF Doc. 39-1), Judge Skretny adopted the reasoning of this Court and concluded that an alleged violation of NYLL § 191 alone does not satisfy Article III's injury-in-fact requirement—to satisfy Article III, a plaintiff must allege a NYLL § 191 violation *and* explain "how [she] was harmed by the up to

1

one week delay while being paid biweekly." 2022 U.S. Dist. LEXIS 154200, at *21.  And citing Supreme Court and Second Circuit precedent, Judge Skretny noted that such allegations of injury must be "concrete, particularized, and actual," and not "abstract" in nature *Id.* at *7 (quoting, in part, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), and *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016)).

Smashburger respectfully requests that the Court consider these decisions in determining whether Smashburger's motion to dismiss should be granted.

Dated:  August 29, 2022
         Melville, New York

                                              /s/ *Daniel Gomez-Sanchez*
                                              Daniel Gomez-Sanchez
                                              Matthew R. Capobianco
                                              LITTLER MENDELSON, P.C.
                                              290 Broadhollow Road, Suite 305
                                              Melville, NY 11747
                                              dsgomez@littler.com
                                              mcapobianco@littler.com
                                              (631) 247-4713
                                              Attorneys for Defendant,
                                              Icon Burger Acquisition LLC

4879-5743-6720.1 / 111725-1003