UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH ROSARIO, NOAH ZAHARIA, and OLIVIA SPELL, individually and on behalf of all others similarly situated,

    Plaintiffs,

  -against-

ICON BURGER ACQUISITION LLC d/b/a SMASHBURGER,

    Defendant.

Case No. 2:21-cv-04313-JS-ST

### RESPONSE TO PLAINTIFFS' NOVEMBER 29, 2022 NOTICE OF SUPPLEMENTAL AUTHORITY (Doc. 54)

  Icon Burger Acquisition LLC ("Smashburger") respectfully submits this response to Plaintiff's seventh notice of supplemental authority (Doc. 54), concerning Judge Skretny's recent decision in *Rath v. Jo-Ann Stores, Inc.*, No. 21-cv-791, 2022 WL 17324842 (W.D.N.Y. Nov. 29, 2022) ("*Rath 2*").

  *Rath 2* is **not** an Article III standing case.  In *Rath 1* (see Doc. 44-1), Judge Skretny agreed with the reasoning of this Court that a manual worker cannot satisfy Article III's injury-in-fact requirement simply by alleging that he or she was paid on a bi-weekly basis (Doc. 44-1 at 7).[1] Instead, Judge Skretny reasoned, Article III requires a NYLL § 191 plaintiff to "explicitly" allege how he or she "was harmed by the up to one week delay while being paid biweekly" (*Id.*).

  Following the amendment of the complaint in *Rath 1*, the defendant abandoned its Article III standing challenges.  *Rath 2*, 2022 WL 17324842, at *1.  The defendant, however, moved to dismiss the complaint by challenging whether Ms. Rath could state a private right of action for being fully paid on a bi-weekly basis and, if so, whether she could pursue NYLL § 198 liquidated

---

[1] Page references are to those assigned by the CM/ECF system, which may differ from a document's originally-generated page numbering format.

damages when there had been no wage "underpayment" (*Id.*).

In addressing whether a private right of action was available to Ms. Rath, Judge Skretny concluded that in light of the First Department's *Vega v. CM & Associates Construction Management, LLC*, 176 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), decision, he believed that New York's "highest court would conclude that delayed payment is a form of underpayment," actionable under NYLL § 198, *Rath 2*, 2022 WL 17324842, at *7-8, and under NYLL § 198, a plaintiff is afforded the right to statutory liquidated damages, *id.* at *9. However, other decisions submitted by Plaintiffs here suggest the issue is not so clear cut (*see, e.g.*, Doc. 52 at 2-3), and of course the issue of whether a private right of action exists for such claims is presently before the Second Department, where briefing was completed in April 2022 and a decision is expected within the next several months. *Grant v. Global Aircraft Dispatch*, App. Div. No. 2021-3202 (2d Dep't, appeal filed May 15, 2021). Moreover, Judge Skretny's recognition that a plaintiff with statutory standing to bring suit under NYLL § 198 **can pursue** NYLL § 198 liquidated damages merely acknowledges the language of § 198 itself, but his analysis fails to consider whether **the award** of such damages—particularly in a case like this where the alleged injury is in the form of the lost time value of money—would be Constitutionally permissible under the Due Process Clause and Eighth Amendment (*see* Doc. 52 at 3 (describing how any NYLL § 198 liquidated damages remedy to Plaintiff Spell would be Constitutionally improper in this case, as it would be hundreds times greater than her claimed actual injury)).

Dated:  December 6, 2022
       Melville, New York

    /s/ *Matthew R. Capobianco*
Daniel Gomez-Sanchez
Matthew R. Capobianco
LITTLER MENDELSON, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4713
dsgomez@littler.com
mcapobianco@littler.com

Attorneys for Defendant,
*Icon Burger Acquisition LLC*

3