```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
JOSEPH ROSARIO, NOAH ZAHARIA, and
OLIVIA SPELL, individually and on
behalf of all others similarly              MEMORANDUM & ORDER
situated,                                   21-CV-4313 (JS)(ST)

                 Plaintiffs,

       -against-

ICON BURGER ACQUISITION LLC dba
SMASHBURGER,

                 Defendant.
---------------------------------X
APPEARANCES
For Plaintiffs:     Yitzchak Kopel, Esq.
                    Alec Mitchell Leslie, Esq.
                    Bursor & Fisher, P.A.
                    888 7th Avenue, 3rd Floor
                    New York, New York  10106

For Defendant:      Daniel Sergio Gomez-Sanchez, Esq.
                    Matthew R. Capobianco, Esq.
                    Littler Mendelson, P.C.
                    290 Broadhollow Road, Suite 305
                    New York, New York  11747
```

SEYBERT, District Judge:

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (hereafter "SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. at 1, ECF No. 29.)  Defendant argues: (1) that Plaintiffs lack Article III standing because they have failed to specify a particularized and actual injury; and (2) that New York Labor Law ("NYLL") § 191 does not afford a private right of action for untimely wages that have been paid in full.  (Support Memo, ECF

No. 32, at 1-2.)  If its motion is not granted, Defendant seeks an order pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3-4, compelling Plaintiff Rosario to individually arbitrate his claims. (Id.)

For the reasons that follow, Defendant's Motion to Dismiss is DENIED.

BACKGROUND

The Court presumes familiarity with the facts underlying this case which are detailed in the Court's earlier decision.  See Rosario v. Icon Burger Acquisition LLC, No. 21-CV-4313, 2022 WL 198503, at *1-2 (E.D.N.Y. Jan. 21, 2022) (hereafter "Rosario I").[1] Nevertheless, the Court provides the following summary for the reader's convenience.[2]

"Defendant owns a chain of hamburger restaurants that employs thousands of manual workers in the State of New York." (SAC, ECF No. 26, ¶ 10.)  Plaintiffs were each employed by Defendant in various capacities; however, all Plaintiffs aver that twenty-five percent of their job responsibilities involved manual labor.  (Id. ¶¶ 11-13.)

Plaintiffs allege that under NYLL, Article 6, § 191, Defendant was required to pay its manual workers "on a weekly basis

---

[1] The Court's decision is filed in the Case Docket at ECF No. 24.  Herein, when citing Rosario I, the Court uses the Westlaw citation.
[2] The facts are drawn from Plaintiff's SAC, (ECF No. 26), and are assumed to be true for purposes of this Memorandum & Order.

2

unless they receive[d] an express authorization [to the contrary . . . from the New York State Department of Labor Commissioner." (Id. ¶ 2.) Plaintiffs allege that Defendant did not receive such authorization and thus violated NYLL § 191 by paying its manual workers biweekly instead of weekly. (Id. ¶¶ 3, 5.)

Plaintiffs originally made identical allegations in their First Amended Complaint. (ECF No. 10.) However, in Rosario I, this Court determined that Plaintiffs' complaint was "barebones" and "contain[ed] no facts from which the Court could plausibly conclude that [they] actually suffered the sort of harm that would entitle [them] to relief." Rosario I, 2022 WL 198503, at *3. Indeed, Plaintiffs' First Amended Complaint simply stated that "Defendant failed to pay Plaintiff and the Class on a timely basis as required by the NYLL," and, thus, Plaintiff and the class were entitled to damages. Id. Recognizing that under Maddox and TransUnion Plaintiffs' complaint was insufficient to allege a concrete injury but acknowledging that "the late payment of wages [could] constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL," id., the Court sua sponte directed Plaintiffs to amend their complaint. Id. at *4.

On February 21, 2022, Plaintiffs filed their SAC. (See SAC, ECF No. 26.) While many of the factual allegations remain

3

the same, Plaintiffs now allege that they were injured by Defendant's late payments because they were "temporarily deprived of money owed." (Id., ¶¶ 11-13.) Consequently, they "could not invest, earn interest on, or otherwise use" money that was rightfully theirs and that "every day that said money was not paid . . . in a timely fashion, [Plaintiffs] lost the time value of that money." (Id.)

Defendant filed the instant motion on March 21, 2022, seeking dismissal of the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6). (See Mot. at 1; see also Support Memo at 1.) Defendant argues that: (1) Plaintiffs lack Article III standing because they fail to specify a particularized and actual injury; (2) NYLL § 191 does not afford a private right of action for untimely wages that have been paid in full; and (3) if the Motion to Dismiss is not granted, that Plaintiff Rosario's claim must be dismissed because he is bound by agreement to individually arbitrate and not litigate his claims. (Support Memo at 1-2.)

Plaintiffs filed their opposition on April 18, 2022. (Opp'n, ECF No. 35). In sum, Plaintiffs counter that: (1) they have Article III standing because they have adequately pled a lost time value of money theory of injury; (2) appellate state court precedent already establishes a private right of action under NYLL

4

§ 191; and (3) Plaintiff Rosario consents to his dismissal from this action.

## ANALYSIS

I.  Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). While the Court must "generally accept the truth of a plaintiff's allegations at the motion to dismiss stage, the plaintiff still 'bears the burden of alleging facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 75 (2d Cir. 2022) (quoting Cortland St. Recovery Corp. v. Hellas Telecomms., S.a.r.l., 790 F.3d 411, 417 (2d Cir. 2015)). Thus, while the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff . . . 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" Rosenberg v. McCarthy, Burgess & Wolff, Inc., No. 21-CV-2199, 2022 WL 3030390, at *2 (E.D.N.Y. Aug. 1, 2022) (quoting Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008)). "Ultimately, 'the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

5

exists.'" Id. (quoting Tandon v. Captain Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014)).

"The standard of review for a motion to dismiss under Rule 12(b)(6) . . . is 'substantively identical' to the Rule 12(b)(1) standard." Epstein v. JPMorgan Chase & Co., 2014 WL 1133567, at *5 (S.D.N.Y. Mar. 21, 2014) (quoting Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003)), abrogation on other grounds recognized by Am. Psychiatric Ass'n v. Anthem Health Plans, Inc., 821 F.3d 352, 359 (2d Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Consequently, a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Twombly, 550 U.S. at 558. Similarly, a complaint is also properly dismissed "where the well-pleaded

6

facts do not permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

II. Discussion

A. Plaintiffs have Article III Standing.

Establishing Article III standing requires a plaintiff to show: "(1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of N.Y. Mellon Tr. Co., 19 F.4th 58, 62 (2d Cir. 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).

"To demonstrate injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." Id. at 62 (citing Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016)). In analyzing whether a harm is "concrete" for purposes of Article III standing, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American Courts." TransUnion LLC v. Ramirez, 141 S.Ct. 2190, 2204 (2021). Additionally, "certain harms readily qualify as concrete injuries under Article III," the most obvious being "traditional tangible harms, such as physical harms and monetary harms." Id.

7

While "the pleading standard for constitutional standing is lower than the standard for a substantive cause of action," a plaintiff must, nevertheless, "'plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief.'" Maddox, 19 F.4th at 65-66 (quoting Harry v. Total Gas & Power N. Am., Inc., 889 F.3d 104, 110 (2d Cir. 2018)). Thus, "[a]t the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice.'" Wilson v. Mastercard Inc., No. 21-CV-5930, 2022 WL 3159305, at *3 (S.D.N.Y. Aug. 8, 2022) (quoting Spokeo Inc. v. Robins, 578 U.S. 330, 338 (2016)).

Here, Plaintiffs affirmatively allege that they have been injured by Defendant's frequency of pay violations because "every day that [Plaintiffs'] money was not paid . . . in a timely fashion" they each lost the time value of that money. (SAC at ¶¶ 11-13.) Specifically, Plaintiffs state that they were deprived of the opportunity to "invest, earn interest on, or otherwise use" their improperly withheld wages. (Id.) This Court and many others within this Circuit have recognized that "the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL." Rosario I, 2022 WL 198503, at *3; see also Porsch v. LLR, Inc., 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) ("[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient

8

injury in fact to establish Article III standing."); Caul v. Petco Animal Supplies, No. 20-CV-3534, 2021 WL 4407856, at *4 (S.D.N.Y. Sept. 27, 2021) ("[T]he late payment of wages is a concrete harm."); Gillet v. Zara USA, Inc., No. 20-CV-3734, 2022 WL 3285275, at *6 (S.D.N.Y. Aug. 10, 2022) ("Irrespective of the fact that Plaintiff ultimately received the entire sum of wages he was owed, this delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III."); Elhassa v. Hallmark Aviation Servs., L.P., No. 21-CV-9768, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (citing Caul and noting that the Caul court held "the late payment of wages is a concrete harm"); Levy v. Endeavor Air Inc., No. 21-CV-4387, 2022 WL 16645829, at *3 (E.D.N.Y. Nov. 1, 2022) ("[C]ourts have routinely found that the time value of money is real and concrete, and those courts have therefore found that wrongful deprivation of such time value is a concrete harm.").

Here, it is Plaintiff's burden to prove standing and it would have been improper for the Court to infer injury from Defendant's frequency of pay violation when Plaintiff failed to affirmatively plead any injury whatsoever in Rosario I. See Kawa Orthodontics, LLP v. Sec'y, U.S. Dep't Treasury, 773 F.3d 243, 246 (11th Cir. 2014) (finding that where plaintiff did not mention interest or suggest "specific plans to invest its money into an interest-bearing asset," the court could not "hypothesize or

9

speculate about the existence of an injury [plaintiff] did not assert"); Epstein v. JPMorgan Chase & Co., No. 13-CV-4744, 2014 WL 1133567, at *7 n.6 (S.D.N.Y. Mar. 21, 2014) (Declining to infer standing based on plaintiff's lost "opportunity to use and/or earn interest" where plaintiff failed to "make this claim in his papers" and, therefore, dismissing plaintiff's complaint for lack of Article III standing); Barber v. Lincoln Nat'l Life Ins. Co., 260 F. Supp. 3d 855, 862 (W.D. Ky. 2017) ("The complaint makes no particularized allegation that [plaintiff] lost the time value of money . . . It may be implied by the nature of [plaintiff's] allegations that . . . he lost the opportunity to grow that money through investment. But the Court cannot find injury via implication . . . .").

While Plaintiff's current allegations remain "on the light side and do not contain detail on how the late payment specifically harmed [them]," Elhassa, 2022 WL 563264, at *2 (emphasis added), the Court agrees with other courts in this Circuit that it is sufficient for Plaintiffs to affirmatively plead injury through the allegation that they were "temporarily deprived of money owed," and, consequently, were unable to "invest, earn interest on, or otherwise use" money that was rightfully theirs. (SAC at ¶¶ 11-13.) Accord Harris v. Old Navy, LLC, No. 21-CV-9946, 2022 WL 16941712, at *4 (S.D.N.Y. Nov. 15, 2022) (distinguishing the Harris complaint with the complaint in

10

Rosario I noting that "the complaint in Rosario [I] . . . [never describ[ed]] what the harm was" but that Harris had affirmatively alleged that she was denied the ability to "'invest, save, or purchase' using the wages she was owed," thereby satisfying the injury requirements of Article III standing).

    B.    <u>Section 198 of the NYLL Provides a Private Right of Action for a Violation of Section 191.</u>

Section 191 of the NYLL states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" unless the Commissioner of the New York Department of Labor "authorize[s]" the employer "to pay less frequently than weekly." NYLL § 191(a)(i)-(ii). Further, under § 198(1-a), where an employee prevails after instituting a wage claim:

> [T]he court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest . . . and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due.

NYLL § 198(1-a).

In interpreting state law, a district court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." V.S. v. Muhammad, 595

11

F.3d 426, 432 (2d Cir. 2010) (citing Pahuta v. Massey-Ferguson, Inc., 170 F.3d 125, 134 (2d Cir. 1999)).

Defendant argues that NYLL § 191 "does not afford a private right of action for untimely paid full wages." (Support Memo at 11.) In so arguing, Defendant concedes, and Plaintiffs acknowledge, that the First Department has already opined on this issue and affirmatively held that, "[NYLL] § 198(1-a) expressly provides a private right of action for a violation of [NYLL] § 191." Vega v. CM and Assocs. Constr. Mgmt., LLC, 107 N.Y.S.3d 286, 288 (N.Y. App. Div. 1st Dep't 2019). Further, the Vega court held that "the term underpayment," as used in § 198(1-a), "encompasses the instances where an employer violates the frequency requirements of Section 191(1)(a) but pays all wages due before the commencement of an action." Id. As such, Vega forecloses the arguments raised by the Defendant. Indeed, most district courts addressing the same issues presented here have ultimately followed Vega, including this Court.[3] See Sorto v. Diversified Maint. Sys., LLC, No. 20-CV-1302, 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020); Caul, 2021 WL 4407856 at *2-3

---

[3] To the extent Defendant raises Accosta v. Lorelei Events Group Inc., No. 17-CV-7804, 2022 WL 195514 (S.D.N.Y. Jan. 21, 2022), and Grant v. Global Aircraft Dispatch, No. 720074/2019, 2021 WL 6777500 (Sup. Ct. N.Y. Apr. 20, 2021), as support for the proposition that Vega has not been "universally adopted or applied by New York courts," the Court notes that neither of these cases discuss Vega and, as such, the Court does not find them persuasive. Accord Harris, 2022 WL 16941712 at *10; Rath v. Jo-Ann Stores, LLC., No. 21-CV-791S, slip op. at 13-14 (W.D.N.Y. Nov. 29, 2022) (found in this Case Docket at ECF No. 54-1). This is especially true considering the plethora of authority to the contrary.

12

(collecting cases); Gillett, 2022 WL 3285275 at *11 (collecting cases).

Additionally, the Court is unconvinced by Defendant's argument that the Court of Appeals' decision in Konkur "cannot be readily reconciled with" with the First Department's holdings in Vega. In fact, several district courts within this Circuit have already analyzed this issue and all have concurred that Konkur does not affect the core holding of Vega. See Mabe v. Wal-Mart Assocs., Inc., 2022 WL 874311, at *6 (holding "Konkur does not stand for the propositions that the late payment of wages is not the underpayment of wages, or that the late payment of wages is not a wage claim privately actionable under Section 198(1-a)"); Elhassa, 2022 WL 563264, at *2 ("Konkur [concerned] . . . a private right of action for a different provision of the NYLL. Vega rested on a different ground. Vega did not hold that a private right of action was implied for the late payment of wages [but] . . . that the NYLL expressly provides a private right of action for the late payment of wages." (internal citations and alterations omitted) (emphasis added)); Harris, 2022 WL 16941712, at *5 ("[W]e cannot say that [Konkur] provides the level of 'persuasive data' . . . [needed] to conclude that the Court of Appeals would reject the result in Vega. Most importantly, Vega held that the NYLL expressly provided for a private right of action to enforce NYLL § 191(1)(a) in § 198(1-a), which contemplates an

13

action instituted in the courts upon a wage claim by an employee. Nothing in Konkur undermines this statutory interpretation, because Konkur addresses an implied cause of action." (internal citations omitted)). This weight of authority persuades the Court that Konkur does not preclude Plaintiffs' claim.

Similarly, the Court declines Defendant's invitation to "revisit its reliance on Vega" based upon its argument that any potential liquidated damages recovery based upon Plaintiffs' "'lost time value of money' theory of injury . . . impermissibly invites this case to become mired in questions over whether such remedies comport with Due Process and the Eighth Amendment's Excessive Fines Clause." (Support Memo at 14.)

In Vega, in addition to holding that "Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191," the First Department further held, notwithstanding the fact that an employer may pay all wages due before the commencement of an action, that "liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages." Vega, 175 A.D.3d at 288. In so holding, the First Department found persuasive Brooklyn Savings Bank v. O'Neil, in which the Supreme Court held, in the context of the Fair Labor Standards Act, "that, regardless of whether an employee has been paid wages owed before the

14

commencement of the action, the statute provides a liquidated damages remedy for the 'failure to pay the statutory minimum on time.'" Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)).

Defendant invites the Court to revisit its reliance on Vega or, alternatively, to dismiss this case for lack of standing to "avoid introducing [] grave Constitutional concerns into this case." (Support Memo at 15.) Defendant argues that the Due Process Clause "precludes the imposition of statutory penalties in amounts that are 'wholly disproportioned to the' harm claimed by a plaintiff," and that "the Eighth Amendment's Excessive Fines Clause prohibits the imposition of statutory penalties bearing no reasonable 'relationship to the gravity of the offense that [the statute] is designed to punish.'" (Id. at 14-15.) However, while Defendant may ultimately be correct that the "potential liquidated damages recovery [in this case] will astronomically exceed the actual claimed, 'time value of money' injuries pleaded by the Plaintiffs," (id. at 14), this argument is premature at the dismissal stage. See Rodrigue v. Lowe's Home Ctrs., LLC, No. 20-CV-1127, 2021 WL 3848268, at *6 (E.D.N.Y. Aug. 27, 2021) (Holding that where "there has been no liquidated damages award, and there is no record on which to assess whether an award would be excessive" a challenge of this sort is "premature" at the motion to dismiss stage). Moreover, even assuming Defendant is proven

15

correct that a potential liquidated damages award would be disproportionate to the injury alleged by Plaintiffs, dismissal is not the appropriate remedy; rather, a reduction in the amount of damages may be. Id. ("Even if defendants were correct that liquidated damages equal to 'the amount of all late payments' would violate the Due Process Clause, defendants have offered no reason why they would be entitled to dismissal of plaintiff's claim—rather than a reduction in damages."). Thus, the Court declines Defendant's invitation. See Sorto, 2020 WL 7693108, at *3 (stating the Court "sees no reason to depart from its analysis" that found Vega persuasive). To the extent not explicitly addressed, the Court has considered the remainder of Defendant's arguments on this point, and it finds them to be without merit.

### C. The Court Need Not Compel Plaintiff Rosario to Individually Arbitrate His Claim

The Court need not compel Plaintiff Rosario to individually arbitrate his claims given Rosario's subsequent May 4, 2022 notice that he is voluntarily dismissing his claims against Defendant without prejudice. (See Notice of Voluntary Dismissal, ECF No. 38). Consequently, this issue is moot.

### CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 29) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court is to terminate Plaintiff Rosario as a party to this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 9, 2022
      Central Islip, New York

17